**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | No. 1:11-cr-191-DBH |
| | ) | |
| **SANTOS HERASMO ELIAS-LOPEZ,** | ) | |
| | ) | |
| **Defendant** | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On February 6, 2012, the United States Magistrate Judge filed with the court, with copies to counsel, her Recommended Decision re Motion to Suppress (Docket Item 39). The defendant filed his objection to the Recommended Decision on February 13, 2012 (Docket Item 40). I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as amended or clarified below, and determine that no further proceeding is necessary.

The government is correct in asserting that the hearing transcript does not support the finding that the defendant was handcuffed before being led from the Waterville restaurant kitchen to its dining area and making the

statements he wants suppressed. The testimony was that the handcuffing occurred afterward, and in preparation for the drive from Waterville to South Portland. But the officer did testify that the defendant was under arrest, Tr. of Hr'g on Mot. to Suppress at 12 (Docket Item 42), at the time of the statements. I need not decide whether the finding that the defendant was in custody for Miranda purposes is alternatively supported by the immigration agent's testimony that he was under arrest because the government agrees not to use (in its direct case) any statements made in Waterville other than booking exception statements (name, age, and country of origin), Gov't Response to Def.'s Objection to Rpt. & Recommended Dec. at 1 (Docket Item 41).

I also note that admissibility of the later statements, given to a different officer in South Portland, after Miranda warnings, is supported by the Second Circuit's reasoning in United States v. Moore, 2012 WL 556177 *6-*7 (2d Cir. Feb. 22, 2012).

In light of the testimony by Dr. Robinson about the defendant's cultural background and his personal characteristics, I emphasize even more strongly than the Magistrate Judge the teaching of Connelly:

> The sole concern of the Fifth Amendment, on which Miranda was based, is governmental coercion. Indeed, the Fifth Amendment privilege is not concerned "with moral and psychological pressures to confess emanating from sources other than official coercion." The voluntariness of a waiver of this privilege has always depended on the absence of police overreaching, not on "free choice" in any broader sense of the word. . . . Miranda protects defendants against government coercion leading them to surrender rights protected by the Fifth Amendment; it goes no further than that.

Colorado v. Connelly, 479 U.S. 157, 170 (1986) (citations omitted); accord United States v. Byram, 145 F.3d 405, 407-08 (1st Cir. 1998) ("'Free choice' is no longer a touchstone; indeed, the Supreme Court has ruled in Connelly that a volunteered confession was admissible even if the product of a psychosis that undermined the suspect's ability to make a free and rational choice"). See also LaFave, et al. 2 Criminal Procedure § 6.2(c) (3d ed.) ("under Connelly 'the question of voluntariness is to be determined by an objective evaluation of police conduct and not by defendant's subjective perception of reality'") These teachings apply to both the voluntariness issue and the waiver of Miranda rights. Connelly, 479 U.S. at 169-70. The testimony here reveals no evidence of law enforcement coercion, only Dr. Robinson's testimony about the defendant's personal limitations, and no evidence that these limitations should have been known to law enforcement.

The defendant's motion to suppress is **GRANTED IN PART** to suppress and exclude any statement made to Agent Myers at the Cancun Restaurant in Waterville other than booking exception statements (name, age, and country of origin). The motion to suppress is **DENIED** as to statements made to Agent Hoyt in South Portland.

**SO ORDERED.**

**DATED THIS 29TH DAY OF FEBRUARY, 2012**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3